**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


| | |
|---|---|
| **DARRYL J. MAYO, SR.** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-5850** |
| **PUBLIC BELT RAILROAD COMMISSION OF THE CITY OF NEW ORLEANS** | **SECTION I/4** |


## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by defendant, the Public Belt Railroad Commission of the City of New Orleans ("Public Belt").[1] Plaintiff, Darryl J. Mayo, Sr., opposes the motion. For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

On August 21, 2009, plaintiff filed his complaint alleging that he was injured on the job on November 23, 2008, while working as a conductor for Public Belt.[2] Plaintiff alleges that he was engaged in a switching operation when a coupling device holding two railcars together failed and allowed a group of railcars to break loose.[3] According to plaintiff, as these cars were rolling free, he was forced to jump off the cars to avoid being injured and, in so doing, he suffered a fracture to his right leg and tibia.[4] Plaintiff alleges that his injuries were caused by the negligence of Public Belt and due to Public Belt's violation of the Safety Appliance Act ("SAA").[5]

---

[1] R. Doc. No. 61.
[2] R. Doc. No. 1, paras. 7-9.
[3] R. Doc. No. 1, para. 8.
[4] R. Doc. No. 1, para. 9.
[5] 49 U.S.C. § 20302(a)(1)(A).

On May 4, 2010, Public Belt filed this motion for summary judgment.[6]  In its motion, Public Belt asserts that there is no evidence that the coupling on the railcars failed.  Public Belt contends that the accident was caused by plaintiff's negligence in failing to properly "stretch" the railcars to ensure that they were properly coupled prior to proceeding with the switching operation.

***STANDARD OF LAW***

## I. <u>Summary Judgment Standard</u>

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Celotex*, 477 U.S. at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The non-moving party must carry this burden as to each essential element on which it bears the burden of proof.  *Schaefer v. Gulf Coast Regional Blood Center*, 10 F.3d 327, 330 (5th Cir. 1994).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by

---

[6] R. Doc. No. 61.

only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

**II. FELA**

FELA provides the exclusive remedy for employees of interstate railroads to recover from a railroad for injuries incurred during the course of their employment. *Rivera v. Union Pacific R. Co.*, 378 F.3d 502, 507 (5th Cir. 2004)(citing *Wabash R.R. Co. V. Hayes*, 234 U.S. 86, 89-90, 34 S.Ct. 729, 58 L.Ed. 1226 (1914)). FELA provides, in relevant part:

> Every common carrier by railroad engaging in commerce between any of several States . . . shall be liable in damages to any person suffering any injury while he is employed by such carrier in such commerce ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, [and] engines....

45 U.S.C. § 51. "[T]o prevail under [FELA], a plaintiff must prove that (1) the defendant is a common carrier by railroad engaged in interstate commerce; (2) [the plaintiff] was employed by the defendant with duties advancing such commerce; (3) his injuries were sustained while he was so employed; and (4) his injuries resulted from the defendant's negligence." *Weaver v. Missouri Pacific Railroad Co.,* 152 F.3d 427, 429 (5th Cir. 1998)(internal citations omitted).

**III. Safety Appliance Act**

"The broad purpose of the [SAA] was the requirement of equipment for automatic coupling to avoid the great risks incurred by the railroad employees in going between the cars." *Maldonado v. Missouri Pacific Railway Co.*, 798 F.2d 764, 767 (5th Cir. 1986). "Section 2 imposes absolute liability upon a railroad for injuries sustained when the automatic couplers fail to perform on the occasion in question." *Id.* (internal quotations omitted); *see also Norfolk v. Western Ry. Co. v. Hiles*, 516 U.S. 400, 408-09 (1996)("[T]he SAA creates an absolute duty requiring not only that automatic couplers be present, but also that they actually perform."). "[N]either the diligence of the railroad nor the absence of a specific defect in the coupler is relevant to a finding of liability." *Id.*

## *DISCUSSION*

Plaintiff contends that his injuries were caused because the coupling device holding two of the railcars together failed and allowed some of the cars to roll free. Public Belt argues that the accident was caused by plaintiff's own negligence because plaintiff failed to ensure that the cars were properly coupled. According to Public Belt, plaintiff should have done a maneuver called "stretching the train" to ensure that all of the cars had been properly coupled to the train. This maneuver involves pulling the entire train in the opposite direction of the coupling. If all of the cars move, then the cars have successfully coupled.

Public Belt's arguments are based on the assumption that plaintiff never stretched the train prior to some of the cars rolling free. There is a genuine issue of material fact, however, with respect to whether plaintiff stretched the train. Plaintiff testified at his deposition that he stretched the train multiple times prior to the cars breaking loose.[7] Plaintiff also testified that he

---

[7] See R. Doc. No. 69-11, pp. 11, 12, and 15.

was able to visually inspect all of the cars to ensure they were coupled.[8]  Plaintiff's testimony

was corroborated by the testimony of a member of plaintiff's team on the night of the accident,

Matthew Allen White, who testified that he heard plaintiff order the stretching maneuver over

the radio.[9]

Additionally, although Public Belt contends that plaintiff has presented no evidence that

the coupler on the subject cars was defective,[10] a genuine issue of material fact exists with

respect to such argument.  If the cars were properly coupled, the unexplained uncoupling of the

subject cars would suggest that the coupler was defective.[11]

### *CONCLUSION*

For the reasons stated above,

**IT IS ORDERED** that the motion for summary judgment is **DENIED**.

New Orleans, Louisiana, June 7, 2010.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[8] R. Doc. No. 69-11, p. 13.
[9] R. Doc. No. 69-12, pp. 6-7.
[10] R. Doc. No. 61-1, p. 4.
[11] Such defect in the automatic coupler, if proved, could allow plaintiff to succeed under either his negligence theory or his Safety Appliance Act theory.